No. 13,985.

Board of County Commissioners of the County of Phillips *v.* Kohrell.

(.. P. [2d] ..)

Decided May 3, 1937.

Mr. Ben L. Garman, for plaintiff in error.

446

Mr. J. V. Redmond, Mr. Deon Drefke, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This was an action brought by the board of county commissioners of Phillips county against the defendant for an alleged failure or refusal to support his aged father under the provisions of section 8905, C. L. 1921, section 1, c. 124, vol. 4, p. 357, '35 C. S. A. The matter was tried to a jury which found for the defendant and the commissioners bring the case here for review under general assignments of error.

The parties herein will be designated as plaintiff and defendant, respectively, as they were in the court below.

The facts were substantially as follows: William Kohrell, a seventy-six year old man, father of the defendant, had for many years been making his home with the defendant, who was a rather substantial farmer living near the town of Holyoke, Phillips county. The old man had a comfortable room to himself in the basement and ate regularly with the other members of the household at the same table. In the early part of 1932 he apparently became dissatisfied in living at the home of the defendant and voluntarily left there and went to Holyoke. There was some dispute as to the reasons for leaving, but the testimony is undisputed that he was at perfect liberty to return to the home of the defendant at any time and would receive the same care as always.

On the 8th of March, 1932, plaintiff board sent a formal notice in accordance with the statute demanding that the defendant make proper provision for the care of his aged father. On the following day the defendant wrote the said board a letter (defendant's Exhibit 1) as follows:

"March 9, 1932.
"Board of County Commissioners of Phillips County,
"Holyoke, Colorado.
"Gentlemen:

"I have received a copy of your notice regarding the care of my father, William Kohrell. This notice indicates that you think I am not willing to provide for him.

"I have at all times been willing to provide for my father and am now ready and willing to keep him and care for him, and provide all the necessities of life for him. If he will come and stay with me at my home, I will provide for him.

"If he tries to cause a disturbance that might excite physical violence or threatens to do bodily harm to anyone, I do not expect I can get along with him. However, I assume that if that happens, appropriate action will be taken by the county authorities. I do not really expect any trouble. I will do my best to please him and get along with him, within reasonable bounds.

"I trust that you will now understand the situation and know that I am ready and willing to care for my father. He left my home of his own accord. He may return if he wishes.

"Yours respectfully,

"L. J. Kohrell."

Plaintiff's contention is that the defendant's willingness to support and care for his father in his (defendant's) home is not a compliance with the statute and that the commissioners had the right, regardless of the offer of the defendant, to place the old man in a private home in Holyoke and charge the defendant for his maintenance and care.

Plaintiff admits, however, that there was a conflict in the testimony as to what actually was said and done in this connection.

The only reason urged by the plaintiff for not insisting that the father continue to make his home with the de-

448

fendant was certain alleged quarrels that took place a short time before the notice was sent by the board.

Even so, the testimony is undisputed that during the fifteen or more years that the father had lived with the defendant and his family he had been given the best of care and been treated kindly by all of the members of the household.

In considering the law applicable to a situation of this kind we find that a child was not bound under the common law to support his parent. The obligation is statutory and the liability may not be extended beyond the provisions of the statute, and can be enforced only in the manner and under the circumstances therein set out. 48 C. J. 511; 21 R. C. L. 724.

In any event the jury, after being properly instructed, found on conflicting evidence that the defendant had not failed or refused to support his father within the meaning of the statute, and there was sufficient competent evidence upon which such finding was justified and it will not be disturbed on review.

Judgment affirmed.

Mr. Chief Justice Burke and Mr. Justice Young concur.