Opinion by
Mr. Justice Pringle.
Plaintiff in error, who will hereinafter be designated as Newey, was the defendant in a divorce proceeding instituted by his wife Myrtle on or about December 12, 1960. An answer and counterclaim were, filed on his *462 behalf by his attorneys who are defendants in error here and who will hereinafter be designated as Mellman or the Reardons, or as the attorneys. During the course of the proceedings Newey and his attorneys stipulated that the trial court should determine the amount of attorneys’ fees which Newey should pay to Mellman and the Reardons for their services. It is to the amount of this award that Newey prosecutes this writ of error.
On March 15, 1961, the answer and counterclaim were withdrawn and a non-contested decree of divorce was awarded to the wife. On April 11, 1961, a hearing on property division, permanent orders and attorneys’ fees was begun which lasted for a period of some six days. Evidence taken at the hearing indicated that during the term of their married life the parties had accumulated some $375,000.00. There was also testimony that prior to the filing of the divorce action the wife had entered into an agreement by which she renounced any claim to Newey’s property for a consideration of $50,000.00 and his renunciation of any claim to her property.
On July 25, 1961, the trial court entered its findings and judgment with respect to property division and permanent alimony, reserving the question of attorneys’ fees for a later hearing.
A motion to modify the award of alimony was thereafter filed by the Reardons, the purpose of which was to shift income tax liability on the alimony payments from Newey to his former wife.
Thereafter Newey determined to replace Mellman and the Reardons with other counsel. Through his counsel in Salt Lake City, he requested Mellman and the Rear-dons to withdraw from the case, and stipulated that the court should determine adequate attorneys’ fees for their services to the time of withdrawal. Accordingly, Mellman and the Reardons petitioned the court for leave to withdraw, and the court entered an order granting them leave to withdraw and deferred the time for hearing on the amount which would be allowed as reasonable attor *463 neys’ fees for their services until such time as it should hear the matter of proper fees for the wife’s attorneys.
On October 26, 1962, the court heard the evidence relating to attorneys’ fees. Viewed in the light most favorable to the party seeking to uphold the judgment of the trial court, the record of that hearing discloses that each of the attorneys was originally hired at a set fee if the matter did not become involved, but that in each case, shortly after counsel was retained, the attorneys advised Newey that the matter was becoming too involved, and in each case Newey agreed that they would work out a reasonable fee at the conclusion of the case; that Newey was a difficult client and demanded conferences at all hours of the day and night, and insisted that all three counsel be present thereat; that there were many complex issues involved such as whether the husband and wife were engaged in a partnership or joint venture, whether alimony was proper, whether the receipt by the wife of the $50,000.00 effected a surrender of her claim to the husband’s property, the tax consequences of the alimony award, etc.
Testimony from eminent counsel relating to the value of the attorneys’ services was presented by both sides. When the hourly charges which these experts testified were reasonable in cases of this kind are applied to the time which the attorneys testified they spent, we cannot conclude that the amount awarded by the court as reasonable compensation is excessive as a matter of law in view of the complexities of this case and the skill required. Pierce v. Nier, 138 Colo. 402, 334 P. (2d) 440.
The judgment is affirmed.
Mr. Justice Sutton and Mr. Justice Day concur.