553 P.2d 77 (1976)
In re the Marriage of Maxine E. NICHOLS, Appellee, and Samuel Oliver Nichols.
Appeal of Paul BARBER.
No. 75-597.
Colorado Court of Appeals, Div. III.
July 1, 1976.
*78 Daniel M. Taubman, Larry J. Rodriguez, Colorado Springs, for appellee.
Paul Barber, pro se.
Selected for Official Publication.
SMITH, Judge.
This appeal presents the question of whether a trial court, in a marriage dissolution action, is granted the power by the statute to consider on its own motion the issue of the reasonableness of fees charged a client by his attorney. It also presents the issue of whether the court may enter an order setting forth the compensation to which the attorney is entitled, once the reasonableness of attorney fees is made an issue, without hearing any additional testimony concerning the value of services actually performed. We answer both questions in the negative; we reverse the judgment of the trial court.
Appellant Paul Barber, attorney for Maxine Nichols, moved on her behalf that the trial court order respondent Samuel Nichols to pay the attorney fees charged by Barber. In support of this motion Barber introduced into evidence a statement of the services he had rendered to his client, the amount of time these services had required, and his billing rates. He advised the court that he intended to charge $920 for his services plus an additional $51.65 court costs. The reasonableness of Barber's charges was never questioned by Maxine Nichols, and no evidence was ever introduced to establish that Barber was entitled to any amount different from that which he claimed.
The trial court at the conclusion of evidence on the motion advised the parties and Mr. Barber that, in its opinion, the bill was excessive and that the court would decide how much Mrs. Nichols should pay. Mr. Barber then moved for leave to withdraw immediately. Before ruling on the motion to withdraw the court entered its final decree of dissolution in which it was ordered, inter alia, that each party pay his own attorney fees and costs. The court found the reasonable value of Barber's services to be $400. Mr. Barber moved for reconsideration, or for a new trial. His motion was denied, and this appeal followed.
The function of a trial court is to hear and to resolve suits and controversies raised by the parties who have invoked its authority. Greenwood Cemetery Land Co. v. Routt, 17 Colo. 156, 28 P. 1125, 15 L.R. A. 369, 31 Am.Rep. 284. It is, however, the responsibility of the parties to define the nature and extent of the court's inquiry. Where, as here, they assert no grievance, there exists no suit or controversy on which the court may act.
More specifically, the extent of the court's authority in the dissolution case was delineated by § 14-10-119, C.R.S.1973, which grants the court the power to order one party to pay to the other a reasonable amount for costs and attorney fees incurred in maintaining or defending the action. See Stovall v. Crosby, 171 Colo. 70, 464 P.2d 868. In this case, however, the court determined that each party should pay his own fees and costs. The statute is designed to allow the court to apportion costs and fees equitably between the parties, and it cannot be construed as a general grant of authority to determine the amount of fees to which an attorney is entitled. *79 Where, as here, the specific authority of the court derives from the statute, the court may only exercise the powers granted. Iwerks v. People, 130 Colo. 86, 273 P.2d 133; Rickey v. People, 129 Colo. 174, 267 P.2d 1021. The court here fully exercised its power to apportion when it ordered each party to pay his own costs and fees.
The validity of an attorney's contract with his client, including the terms of compensation for services to be rendered may, if the parties to that contract so choose, be litigated in the same manner as any other cause of action. Cf. Tower v. Tower, 147 Colo. 480, 364 P.2d 565; Rupp v. Cool, 147 Colo. 18, 362 P.2d 396. But, where no one challenges the validity of the contract, nor seeks any relief thereunder, the authority of the court, in the first instance, lies dormant. For these reasons, we hold that the court's order that Maxine Nichols pay only $400 of attorney fees was beyond the authority granted to it by the dissolution statute.
Even if we were to hold that the court here was exercising its inherent power[1], which we do not believe the court was attempting to do in this case, we are constrained to note that contractual rights are property within the meaning of Art. II, § 25 of the Colorado Constitution. Olin Mathieson Chemical Corp. v. Francis, 134 Colo. 160, 301 P.2d 139. Thus, in those cases in which the attorney-client fee contract has been properly brought into question, due process requires, at the very least, that the attorney and the client thereafter be afforded an opportunity to present evidence for the court's consideration. Colo. Const. Art. II, § 25; Woodson v. Ingram, 173 Colo. 65, 477 P.2d 455. Cf. Newey v. Newey, 154 Colo. 461, 391 P.2d 378; Pierce v. Nier, 138 Colo. 402, 334 P.2d 440. Thus, after the trial court announced that it would determine an appropriate fee, its failure to hold such a hearing or to receive and consider evidence was sufficient in itself to have required reversal.
The judgment is reversed and cause remanded with directions to vacate that portion of the decree limiting the amount of attorney fees.
PIERCE and BERMAN, JJ., concur.
NOTES
[1] See People v. Radinsky, 176 Colo. 357, 490 P.2d 951; Anderson v. Kenelly, Colo.App., 547 P.2d 260; In Re Grand Jury Appearance of Alvin E. Michaelson, 511 F.2d 882 (9th Cir.); Farmington Dowel Products Co. v. Forster Mfg. Co., 421 F.2d 61 (1st Cir.).