## No. 27956

## In re the Marriage of: Jack C. Mitchell and Barbara J. Mitchell

(579 P.2d 613)

Decided May 22, 1978.                    Rehearing denied June 19, 1978.

400

Maurice R. Franks, for petitioner-appellant.

C. J. Berardini, for respondent-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Appellant, the husband in this dissolution of marriage action, challenges the trial court's award of maintenance and attorney fees to the wife and its inclusion of the value of the husband's retirement fund in the division of marital property. We affirm.

Mr. Mitchell, the husband and appellant, is employed as a teacher in the Denver public school system. Mrs. Mitchell, the wife and appellee, is qualified to teach and is presently employed as a part-time substitute teacher. Though diligently seeking a full-time teaching job in the

metropolitan area for the past few years, she has been unable to find one. After considering the parties' respective age, health, earning capacity, and financial obligations and the length of the marriage, the trial court awarded the wife maintenance of $200 a month for a period of five years. The court also ordered the husband to pay a $375 contribution toward the wife's attorney's fees. In dividing the marital property, the trial court considered the total value of the husband's Public Employees Retirement Association (PERA) fund. It awarded the value of the entire fund to the husband.

Appellant asserted constitutional questions relating to the order of the trial court, and thus, the case was appealed to this court rather than to the court of appeals.

## I.  *Attorney's Fees*

■ Appellant argues that the trial court abused its discretion and violated constitutional guarantees of due process and equal protection in awarding the wife partial payment of her attorney's fees. This contention is without merit.

■ The allowance of attorney's fees, like the award of maintenance and the division of property, is within the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion. *In re Marriage of Franks,* 189 Colo. 499, 542 P.2d 845 (1975). Section 14-10-119, C.R.S. 1973, permits a court to order a party to pay a reasonable amount for the other party's attorney's fees. The statute demands that the court first consider the financial resources of both parties, as was done here. We have held that the purpose of allowing the court this kind of discretion as to attorney fees is to equalize the status of the parties by enabling the court "to ensure that neither [party] is forced to suffer unduly as a consequence of [the] termination [of the marriage]." *In re Marriage of Franks, supra.*

■ Here, the evidence showed that the wife had already paid $400 in attorney fees. According to the wife's testimony, $750 remained to be paid to her attorneys for work performed following a previous appeal to the court of appeals. The court ordered the husband to pay half of this amount, or $375. Although there is no evidence in the record about the reasonableness of the $750 charge,[1] the judge obviously felt the amount was *per se* reasonable, in light of the attorney's time in the previous appeal and other work he had observed during the extended pendency of this case. *See Miller v. Miller,* 79 Colo. 609, 247 P. 567 (1926). Moreover, the amount was almost equivalent to the amount the husband had originally been ordered to pay

---

[1] The record shows that the wife's attorney told the court he would subsequently file an affidavit substantiating the attorney fees, but there is no indication on the docket sheet or elsewhere in the record that such a document was ever filed.

but had not paid. Under the circumstances, we believe the trial court did not abuse its discretion in awarding the wife $375 of her attorney's fees.

■ We find no merit in appellant's constitutional claims. Appellant argues that the award of attorney's fees to the wife amounts to sex discrimination, in violation of the constitutional guarantees of due process and equal protection. We rejected a similar argument in *In re Marriage of Franks, supra*. The statute on its face is sex neutral and in no way requires that women be treated differently from men. Further, there was no indication in the record that the statute was applied unconstitutionally. The court did not award attorney's fees to the wife because she is female. On the contrary, the record strongly supports the award by revealing that the wife's financial situation is much more precarious than the husband's due to the wife's health and her difficulty in finding a full-time job.

## II. *Maintenance*

■ Appellant argues that the trial court abused its discretion and violated constitutional guarantees of due process and equal protection in awarding the wife maintenance of $200 per month for five years. We disagree.

■ Section 14-10-114, C.R.S. 1973 of the Uniform Dissolution of Marriage Act governs the award of maintenance. This statue specifies that a court may award maintenance "only if it finds that the spouse seeking maintenance:

"(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

"(b) Is unable to support himself through appropriate employment. . ."

Appellant argues that the wife is capable of supporting herself through appropriate employment.

■ Although the court here failed to make explicit findings that the wife is unable to support herself through appropriate employment, it did not abuse its discretion. The record indicates that the wife, though qualified to teach and diligently seeking employment in a teaching capacity, has not held a full-time teaching job in twenty years and has been unable to find full-time employment for which she is qualified. Her income, therefore, is currently inadequate for her needs, and the court properly awarded maintenance for five years, assuming that would be enough time to enable her to obtain a full-time teaching position.

Appellant's constitutional objection to the award of maintenance is identical to his argument against attorney's fees, and we find it to be equally without merit as applied to maintenance.

## III. *Property Division*

■ Appellant asserts that the trial court erred in considering his PERA retirement fund to be marital property. We do not agree. *In re Marriage of Pope,* 37 Colo. App. 237, 544 P.2d 639 (1975), is dispositive.

In *Pope,* the court of appeals discussed the nature of the Public Employees Retirement Association (PERA) fund and analogized it to a forced savings account. Money deducted from an employee's pay check is deposited in the retirement fund in an account in the employee's name. If the employee leaves his public employment before retirement, the accumulated deposits are paid to him in a lump sum; or if the employee dies the accumulated deposits are paid to designated beneficiaries. The employee's right to this money is fully vested.

Section 14-10-113, C.R.S. 1973, defines "marital property" as "all property acquired by either spouse subsequent to the marriage," subject to several exceptions not applicable here. The retirement fund, accumulated throughout the marriage from the husband's job, is marital property, and was properly considered by the trial court in the division of property. The entire amount of the fund was awarded to the husband. There is nothing speculative or uncertain about the husband's right to the money; it belongs to him now and he could, if he wished, quit work and withdraw the money he has accumulated.

Appellant invites us to overrule the *Pope* case because it sets up a standard which impermissibly discriminates in favor of people who have social security or unvested pensions, which are not considered marital property, and against those who have PERA type retirement funds. We believe the distinction is rational and we reaffirm *Pope* in this regard.

Appellant cities *In re Marriage of Ellis,* 36 Colo. App. 234, 538 P.2d 1347 (1975), as a precedent preferable to *Pope.* In our affirmance of that decision, *Ellis v. Ellis,* 191 Colo. 317, 552 P.2d 506 (1975), we held that military retirement pay is not marital property because it does not have "cash surrender value; loan value; redemption value; lump sum value" and, as it expires when the employee does, it has no value realizable after death. PERA funds have many of the attributes which we found lacking in military retirement pay. Our distinction between the two retirement plans is based on a belief that it would be unwise to consider as property those items which have no present value and which may never acquire value. A military retirement plan of the type discussed in *Ellis* may never be of any value if the employee dies before he retires. Because its future value is only speculative, and it has no present "exchangeable" value, it cannot be considered marital property. *See In re Marriage of Graham,* 194 Colo. 429, 574 P.2d 75 (1978).

The husband also argues that the trial court should have deducted from the fund that amount he had accumulated prior to his marriage. This point was not raised at trial and no evidence was introduced to show what portion of the retirement fund, if any, had been accumulated prior to the marriage. Therefore, the trial court did not err in considering the entire amount accumulated by the time the marriage was dissolved.

The judgment of the trial court is affirmed.
MR. CHIEF JUSTICE PRINGLE does not participate.