**In re the MARRIAGE OF Robert W. SARVIS, Appellant,**

**and**

**Julie Sarvis, Appellee.**

**No. 82CA0071.**

Colorado Court of Appeals, Div. I.

Nov. 8, 1984.

Rehearing Denied Dec. 20, 1984.

Roath & Brega, P.C., Charles F. Brega, Jack W. Berryhill, Denver, for appellant.

Robert Bugdanowitz, P.C., Robert Bugdanowitz, Denver, for appellee.

STERNBERG, Judge.

The principal issue in this dissolution of marriage action is the propriety of the trial court's order giving to the wife a condominium which was the separate property of the husband, or alternatively ordering that all property be sold, including that separate property, and the proceeds be divided. We hold that this property division order is in error and therefore reverse the judgment.

At the time of their marriage, the husband owned a condominium which was worth approximately $100,000. At the time of the dissolution it had increased in value by $35,800. The parties owned a house valued at $305,000 which had been purchased after the marriage. They also owned corporate stocks having considerable value, most of which constituted marital property.

In its order the trial court gave the husband the choice of either transferring title to the condominium to the wife and receiving an offset for the equity against the total award made to the wife, or selling both the condominium and the house and paying the wife a portion of the proceeds. The husband asserts that this was error, and we agree.

A trial court has broad discretion to effect an equitable division of marital property, *In re Marriage of Faulkner*, 652 P.2d 572 (Colo.1982), including ordering the sale of property and the distribution of the proceeds. *In re Marriage of Weaver*, 39 Colo. App. 523, 571 P.2d 307 (1977). However, § 14–10–113(1), C.R.S., requires that "the court shall set apart to each spouse his property and shall divide the marital property ...." and subparagraph (4) provides that "an asset of a spouse acquired prior to

the marriage ... shall be considered as marital property ... to the extent that its present value exceeds its value at the time of the marriage...."

■ Consequently, we hold that the portion of the order that the husband convey the condominium to the wife is violative of the terms of the statute. *See In re Marriage of Campbell*, 43 Colo.App. 72, 599 P.2d 275 (1979). We also hold that the alternative given the husband to sell both the condominium and the house violates the statutory requirement that the court set aside to the husband his separate property.

■ Citing *In re Marriage of Weaver*, *supra*, the wife argues that a court may order sale of all real property even though a portion of it was the husband's separate property. We see no conflict between our holding and *Weaver*. In *Weaver, only after concluding that there was no other way to value and divide the property equitably*, did the trial court order sale of both separate and marital property. No such finding was made in this case, and, in light of the substantial value of the corporate stock, such a finding would not appear to have been appropriate. Here, in contrast to *Weaver*, the record indicates that the trial court can make an equitable division of property without requiring sale of the non-marital asset, the condominium.

■ The husband also asserts that the trial court erred in its award of attorney fees and accountant fees because there was no proof of the number of hours the accountant spent in performing services and there was no indication in the record of the "reasonableness" of the attorney fees. On remand, as a predicate to an award of such fees there must be proof of reasonableness premised upon considerations of the amount of the fees charged, the time spent by the attorney, the services rendered, and the prevailing rates in the community. *See In re Marriage of Nichols*, 38 Colo.App. 82, 553 P.2d 77 (1976).

The other contentions of error are without merit.

The judgment is reversed and the cause is remanded for a hearing to determine an equitable division of property based on values as of the date of the original decree, *see* § 14–10–113(5), C.R.S., and for determination of the amount of attorney and accountant's fees, if any, to be awarded. On remand, if the court is unable to make an equitable division of property without ordering sale of a non-marital asset, it must make a finding to that effect before so ordering.

PIERCE and BABCOCK, JJ., concur.