**In re the MARRIAGE OF Stella SERDINSKY, Appellant,**

**and**

**John Serdinsky, Sr., Appellee.**

**No. 84CA0057.**

Colorado Court of Appeals, Div. III.

July 3, 1985.

Rehearing Denied Aug. 22, 1985.

Certiorari Granted Nov. 4, 1985.

George J. Duckworth, Denver, for appellant.

Mason, Reuler and Peek, P.C., Alan W. Stevenson, Denver, for appellee.

BABCOCK, Judge.

In this dissolution of marriage action, wife appeals the judgment of the trial court regarding division of property and award of maintenance. We reverse and remand for new trial.

I.

 Wife first claims that husband's union pension was vested and was, therefore, marital property. We agree.

The trial court found on uncontroverted evidence that the husband's pension consisted of 120 monthly payments of $133 each. Upon husband's death, his wife or other named beneficiary will be entitled to receive any remaining payments.

*Ellis v. Ellis,* 191 Colo. 317, 552 P.2d 506 (1976) held that military retirement pay was not property under the uniform dissolution of marriage act because it did not have *any* of the following elements: cash surrender value, loan value, redemption value, lump sum value, or value realizable after death. Furthermore, the amount of the retirement pay could fluctuate depending on increases or reductions which could be legislated from time to time. *See In re Marriage of Ellis,* 36 Colo.App. 234, 538 P.2d 1347 (1975), *aff'd, Ellis v. Ellis, supra.*

In contrast, in *Mitchell v. Mitchell,* 195 Colo. 399, 579 P.2d 613 (1978), the Supreme Court ruled that husband's Public Employees Retirement Association (PERA) fund was properly considered by the trial court as marital property. The court distinguished the PERA fund from military retirement pensions as follows:

"PERA funds have many of the attributes which we found lacking in military retirement pay. Our distinction between the two retirement plans is based on a belief that it would be unwise to consider as property those items which have no present value and which may never acquire value. A military retirement plan of the type discussed in *Ellis* may never be of any value if the employee dies before he retires. Because its future value is only speculative, and it has no present 'exchangeable' value, it cannot be considered marital property. *See In re Marriage of Graham,* 194 Colo. 429, 574 P.2d 75 (1978)."

Relying upon *In re Marriage of Camarata,* 43 Colo.App. 317, 602 P.2d 907 (1979), husband argues that his pension is unlike the PERA fund in *Mitchell* because it is non-contributory, cannot be assigned, and cannot be withdrawn in a lump sum. *Camarata* is distinguishable.

In *Camarata,* the husband was retired and receiving an annuity after working thirty years under Civil Service. Under the mandatory civil service retirement plan, contributions were made both by the husband and the employer. Upon retirement, the employee was first paid from the portion of the fund to which he had contributed, and when that was exhausted, he was paid from the funds contributed by the employer. The payments from the portion contributed by the employer were contingent upon the employee's survival, and thus, were subject to total divestment upon his death. The court held that the portion of the fund contributed by the employer was not marital property.

Here, husband's total pension is fully vested. At some time, he or his estate must receive the full balance in the fund. Husband's pension is calculable and finite. There is nothing speculative or uncertain about it. His rights in the fund have a presently determinable cash value. The fact that he might not be able to withdraw a lump sum amount is not controlling.

We conclude that husband's pension was marital property subject to division pursuant to § 14-10-113, C.R.S. Hence, the trial court erred in failing to consider this asset in its division of the parties' marital property.

## II.

■ Wife also contends that the evidence does not support the trial court's determination that the parties' adult son was not a one-third owner of the family home. We disagree.

The parties purchased the home in 1972. Two adult children lived with them from the time it was purchased until the dissolution of their marriage. Title to the property was in the names of wife, husband, and their adult son.

The trial court found, on conflicting evidence, that the son's name was included primarily to enable the parents to obtain financing. The trial court also found, on conflicting evidence, that wife made the

down payment on the home and that she made the mortgage payments with money given her by her husband. It then concluded that the son was not a one-third owner of the family home. These findings, supported by the record, are binding on review, *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979), and are sufficient to rebut the presumption that the shares of co-tenants are equal. *See Sanders v. Knapp*, 674 P.2d 385 (Colo.App.1983).

Moreover, although the son was joined in this action by stipulation of the parties, he does not appeal. The prejudice, if any, is to the son, not to the wife.

### III.

Finally, wife argues that the trial court erred in considering financial assistance from her adult children in its award of maintenance. Again, we disagree.

The parties presented conflicting evidence regarding the amount of support contributed to wife by her adult children who resided with her at the time of the final decree. The trial court found that the children contributed some support, that husband's total monthly income was $968, including $133 from the pension and $835 from social security, and that wife received, as her sole income, $323 per month in social security. The court then stated: "A reasonable split of that [the income difference] would be justified under normal circumstances but in this case it is obvious to the Court that the [wife] is going to continue to reside with one or more of her children and share in household expenses with them." The court ordered husband to pay wife $200 per month in maintenance or, in the alternative, to release his entire interest in the family home to the wife.

Section 14–10–114(2), C.R.S., provides in part:

"The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering *all relevant factors* including:

(a) The financial resources of the party seeking maintenance...." (emphasis added)

We hold that financial contribution by adult children to a party is a factor relevant to the financial resources of the party which may properly be considered by the trial court in awarding maintenance. Since the record supports the trial court's finding that wife's children were making financial contributions to her living expenses, we conclude that the trial court properly considered this financial resource in its award of maintenance.

The trial court's error in considering husband's pension as an income factor in its award of maintenance, rather than as marital property subject to division, requires that the cause be reconsidered on both issues. *See Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972).

The judgment is reversed and the cause is remanded for reconsideration of both issues in accordance with the views expressed herein.

VAN CISE, J., concurs.

TURSI, J., concurs in part and dissents in part.

TURSI, Judge, concurring in part and dissenting in part.

I respectfully dissent from Part III of the majority opinion.

I do not read § 14–10–114(2), C.R.S. as allowing the trial court to consider purely voluntary contributions from third persons, be they kin or not, as a relevant factor in assessing the financial resources of the party seeking maintenance. I would, therefore, vacate that part of the order addressing spousal maintenance and remand for reconsideration of this issue without reference to possible future voluntary contribution to the wife from the adult children of the parties. In all other particulars, I would affirm the trial court.