723 P.2d 746 (1986)
L.D.G., a Child, By and Through His Next Friend, S.G., Plaintiff-Appellant,
v.
E.R., Defendant-Appellee.
No. 85CA1010.
Colorado Court of Appeals, Div. I.
June 26, 1986.
*747 Motz & Jacobs, Richard J. Jacobs, Alamosa, for plaintiff-appellant.
Castelar M. Garcia, Manassa, for defendant-appellee.
METZGER, Judge.
In this paternity action, L.D.G. (plaintiff), a minor child, by his next friend and mother, S.G., appeals the trial court order awarding attorney fees and costs to E.R. (defendant), following a determination that E.R. was not the father of L.D.G. We reverse and remand for further proceedings.
This action commenced on October 16, 1984, for determination of paternity and for child support. Defendant's answer denied paternity, and asked for reimbursement of costs.
Thereafter, the trial court ordered that L.D.G., S.G., and defendant submit to "blood grouping tests." It further ordered each party to bear its own costs initially, with the ultimate burden to be determined at the conclusion of the proceedings. Before the results of these tests were known, defendant arranged, at his own expense, for a second set of tests including HLA blood and tissue typing. Both tests statistically excluded defendant as the biological father. Based on this evidence, the trial court granted defendant's motion to dismiss, and continued the matter for a hearing on the issues of attorney fees and costs.
At this hearing, the trial court admitted letters from defense counsel to defendant over plaintiff's objections. The letters contained evidence concerning the fee agreement and costs expended in connection with the action. The trial court also took judicial notice of the attorney fees in the community and allowed no evidence as to that issue. Thereafter, the trial court awarded defendant attorney fees in the amount of $1,500, and costs of $20 for the answer filing fee and $100 for the portion of the court-ordered test previously paid by defendant. The court further ordered, after *748 noting plaintiff's objection, that plaintiff pay the cost of the second test, which amounted to $447.

I.
Plaintiff first contends that the trial court erred when it awarded costs to defendant for the second set of blood tests. We agree.
Section 13-25-126, C.R.S. (1985 Cum. Supp.) authorizes a court, in any action in which the parentage of a child is at issue, to order the parties involved to submit to a blood test. The statute further provides that:
"The tests shall be conducted by a duly qualified physician or other duly qualified person, who shall be an expert witness. Costs of any such expert witness for the first test administered shall be fixed at a reasonable amount and be paid as the court orders. If the results of the tests or the expert analysis of inherited characteristics are disputed by any party, the court, upon reasonable request of such party, shall order that an additional test be made by the same or another laboratory at the expense of the party requesting the additional testing." (emphasis added)
Section 19-6-117, C.R.S. (1978 Repl. Vol. 8) of the Uniform Parentage Act, provides that:
"The court shall order reasonable fees of counsel, experts, and the child's guardian ad litem and other costs of the action and pretrial proceedings, including blood tests, to be paid by the parties in proportions and at times determined by the court." (emphasis added)
These statutes are in conflict concerning the award of costs for a second set of blood tests in a paternity action. Section 19-6-117, C.R.S. (1978 Repl. Vol. 8) grants the trial court broad discretion in determining the proportion each party should pay for the costs of blood tests. On the other hand, while § 13-25-126, C.R.S. (1985 Cum. Supp.) also grants the trial court discretion in determining which party should pay for the initial blood tests, it specifically provides that the costs of additional blood tests ordered by the court "shall" be borne by the requesting party.
Two statutes concerning the same subject are to be read together to the extent possible so as to give effect to legislative intent. Peoples Natural Gas Division v. Public Utilities Commission, 698 P.2d 255 (Colo.1985). If specific and general statutes conflict, provisions of the specific statute prevail. People v. Weller, 679 P.2d 1077 (Colo.1984). If there is a conflict between statutes enacted at different times, the last in time controls to the extent of the inconsistency. Public Employees' Retirement Ass'n v. Greene, 195 Colo. 575, 580 P.2d 385 (1978).
Section 13-25-126, C.R.S., was repealed and reenacted with pertinent amendments after the present version of § 19-6-117, C.R.S., became law. See Colo. Sess. Laws 1983, ch. 167 at 627. Section 13-25-126, C.R.S. (1985 Cum. Supp.), in contrast to § 19-6-117, C.R.S. (1978 Repl. Vol. 8), specifically states that the cost of additional blood tests be borne by the requesting party. Consequently, we hold that, to the extent the two statutes are inconsistent, § 13-25-126, C.R.S. (1985 Cum. Supp.) controls.
Defendant did not request that the trial court order an additional set of tests. In fact, defendant obtained the second test prior to receiving the results from the first test. In light of the results of the first test, which statistically excluded defendant as the biological father of L.D.G., the second test was unnecessary.
Accordingly, we reverse the trial court's order awarding costs to defendant for the second set of blood tests.

II.
Plaintiff also contends that there was insufficient credible evidence to support the trial court's award of attorney fees to defendant. We agree.
*749 Section 19-6-117, C.R.S. (1978 Repl. Vol. 8) gives the trial court broad discretion to award attorney fees. See C.R.A.H. v. P.M.M., 647 P.2d 239 (Colo. App.1981). In order to support an award of attorney fees pursuant to a general grant of such power by statute, there must be an indication in the record that the amount awarded was "reasonable," in light of the amount charged, the time spent, the services rendered, and the prevailing rates in the community. In re Marriage of Sarvis, 695 P.2d 772 (Colo.App.1984); see also In re Marriage of Nichols, 38 Colo.App. 82, 553 P.2d 77 (1976) (concerning award of attorney fees under the Uniform Dissolution of Marriage Act). Where inadmissible evidence is the sole evidence relied upon by the fact finder, reversal is proper. Benke v. Neenan, 658 P.2d 860 (Colo.1983).
Here, the trial court's award of attorney fees was not supported by sufficient evidence. The two letters between defendant's counsel and defendant were inadmissible hearsay evidence under CRE 801(c) and 802.
We also reject defendant's argument that the trial court's statement that it had general knowledge of the fees charged in the community was sufficient to support its award absent any other evidence on that issue. A trial court may take judicial notice of facts of general knowledge pursuant to CRE 201. However, we do not consider attorney fees in paternity cases to fall into that category. Since the trial court precluded presentation of any other evidence on the attorney fees issue, a new hearing is necessary.
Accordingly, the trial court's order is affirmed as to its award of costs for the first blood test and the filing fee. The portion of the order awarding costs for the second set of blood tests and attorney fees is set aside, and the cause is remanded for further proceedings and entry of an appropriate order.
PIERCE and STERNBERG, JJ., concur.