In re the MARRIAGE OF Francis H. KIEFER, Appellant,

and

Sharon S. Kiefer, Appellee.

No. 85CA1263.

Colorado Court of Appeals, Div. IV.

April 16, 1987.

Richard Y. Neiley, Jr., P.C., Richard Y. Neiley, Jr., Aspen, for appellant.

Sheldon F. Goldberg, Denver, for appellee.

BABCOCK, Judge.

In this dissolution of marriage proceeding, husband, Francis H. Kiefer, appeals the permanent orders entered concerning property division and attorney fees. We affirm in part, and reverse in part.

The property division dispute concerns the appreciated value of the marital residence. Husband had owned the home before the marriage, and it was worth $110,000 when the parties were married. During the 2½–year marriage, the property was encumbered for $45,000. This amount was spent on improvements to the house for the purpose of accommodating wife's children from a previous marriage.

Husband testified that, because of depreciation in the area real estate market, the home's current value was $135,000, despite the $45,000 in improvements. Based on information husband had given her after an appraisal two years before, wife testified that the property was worth $175,000. No other testimony was presented.

The trial court determined that husband's asserted value was not credible. The court noted that the $45,000 in improvements, in addition to $10,000 in labor contributed by husband, logically would make the home's value closer to wife's estimate. Therefore, the court found the current fair market value to be $175,000. Of the $65,000 in appreciated value, the court awarded wife $30,000 as an equitable division. Consequently, the trial court awarded the house to husband, and he was ordered to execute a $30,000 note payable to wife secured by a deed of trust on the house.

The court also ordered husband to pay wife $1,500 in attorney fees based on the parties' "relative financial conditions." The court found that although wife was presently unemployed, she had the clear ability to earn $1,200 a month, had other independent means of support, and had recently declined a job paying $1,000 a month. On this basis, wife was denied maintenance.

■ Husband first contends the court erred in valuing the home at $175,000. Specifically, he argues that he presented the only evidence of the current value of the property as required by § 14–10–113(5), C.R.S. Therefore, husband reasons, the court erred in accepting wife's evidence of a value that existed two years before the decree. We disagree.

The court specifically found that husband's testimony was not credible. Wife's estimate of value was the only other direct evidence and was consistent with the home's undisputed premarital value combined with improvement costs. This evidence was sufficient to support the determination of value, and we will not disturb it on review.

Husband next contends the court erred in awarding wife a portion of the home's appreciated value without taking into account the encumbrances that had been incurred during the marriage for improvements to the property. While we do not agree that the court was required first to deduct the amount of encumbrances before dividing the appreciation, *see In re Marriage of Faulkner*, 652 P.2d 572 (Colo. 1982), we determine that, contrary to the situation in *Faulkner*, here, the trial court abused its discretion.

 The trial court is imbued with broad discretion in matters of property division. *In re Marriage of Hoffman*, 650 P.2d 1344 (Colo.App.1982). Here, however, the court abused its discretion when it acknowledged the parties' relatively equal contributions to the marriage and marital property, yet awarded wife only the benefits of the increased value of the property without any responsibility for its burdens. This inequity is compounded by unrefuted evidence that the encumbrances were incurred for the benefit of the entire family. Under these circumstances, equity requires that wife share a part of the debt incurred on the home during the marriage as well as a part of the increase in the home's value. *Cf. In re Marriage of Davis*, 35 Colo.App. 447, 534 P.2d 809 (1975).

Husband also contends that the trial court erred in its award of attorney fees and that no hearing was held as to their reasonableness. We agree.

 The allowance of reasonable attorney fees is a matter within the trial court's discretion. *In re Marriage of Mitchell*, 195 Colo. 399, 579 P.2d 613 (1978); § 14–10–119, C.R.S. However, it is unclear from the record why the parties' "relative financial conditions" made an award of attorney fees appropriate. Husband's monthly income ranges between $1,600 and $1,800, with expenses and debts of approximately $1,500 a month. Wife receives approximately $410 a month maintenance from a previous marriage, $600 a month child support, and $450 a month from unemployment benefits. She listed debts and expenses as $1,500 a month. Wife has the ability to earn between $1,000 and $1,200 a month, and there was evidence that her lack of earnings was partly self-imposed. In reviewing these figures, we are unable to discern any basis for the trial court's award.

 Moreover, wife's attorney presented an affidavit of fees incurred, and the court awarded wife fees without a hearing as to their reasonableness. Thus, the award cannot stand, *see In re Marriage of Nichols*, 38 Colo.App. 82, 553 P.2d 77 (1976), and on remand the trial court is directed, after hearing, to enter findings on wife's entitlement to and the reasonableness of, attorney fees.

That portion of the judgment in which the marital home was valued at $175,000 is affirmed. The property division and award of attorney fees is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.

HODGES[*] and SILVERSTEIN[*], JJ., concur.

---

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).