### In re the MARRIAGE OF Stella SERDINSKY, Petitioner,

### and

### John Serdinsky, Sr., Respondent.

### No. 85SC366.

Supreme Court of Colorado,
En Banc.

July 27, 1987.

---

Silverman and Gelman, P.C., Mary Jo Duckworth, Denver, for petitioner.

John Serdinsky, pro se.

KIRSHBAUM, Justice.

We granted certiorari in this dissolution of marriage action to review the Court of Appeals decision in *In re Marriage of Serdinsky*, 709 P.2d 69 (Colo.App.1985), wherein that court concluded that the trial court properly considered voluntary financial assistance provided by adult children of the parties in awarding spousal maintenance.[1] We reverse and remand the case to the Court of Appeals with directions to remand the case to the trial court for further proceedings.

## I

The petitioner, Stella Serdinsky (wife), filed an action seeking dissolution of her marriage with the respondent, John Serdinsky, Sr. (husband).[2] Four children were born during the parties' marriage of forty-four years. Following a hearing on permanent orders, the trial court ordered an equal division of the marital assets. The trial court also found that the husband received a monthly income of $968.00 and that the wife received a monthly income of $323.00. Noting that under normal circumstances the difference in the monthly income of the parties would be split to arrive at an appropriate figure for spousal maintenance, the trial court also observed that it was obvious that the wife would continue to reside with one or more of the adult children and share household expenses with them. The trial court then concluded that the wife was entitled only to either a maintenance award of $200.00 per month or an assignment of all of the husband's interest in the family home.

In affirming the trial court's order, the Court of Appeals noted that under section 14–10–114, 6 C.R.S. (1973 & 1986 Supp.), which prescribes the method for determining appropriate maintenance levels, a relevant factor in the determination of an appropriate maintenance award is the status of the financial resources of the party seeking maintenance. The Court of Appeals concluded that financial contributions by adult children constitute a relevant factor in determining that status, that the record supported the trial court's finding that the children were making contributions to the wife's living expenses and, therefore, that the trial court did not err in setting the wife's maintenance award on the basis of such assistance from her children.

## II

■ The wife argues that financial contributions of adult children which are com-

---

**1.** The Court of Appeals reversed the judgment of the trial court and remanded the case for a new trial, but did so on the bases that the trial court erred in failing to consider the husband's pension in its division of marital property and that the trial court erred in concluding that an adult child was part owner of the family home. We do not address either of these issues; our review is limited to the narrow question upon which we granted certiorari.

**2.** The husband appears pro se, his former counsel having been granted permission to withdraw after the briefs were filed in this court.

pletely voluntary in nature and not based on any legal obligation are not appropriate factors for consideration in determining the amount of an award of maintenance. We agree.

■ Section 14–10–114(1), 6 C.R.S. (1973), provides:

**Maintenance.** (1) In a proceeding for dissolution of marriage or legal separation or a proceeding for maintenance following dissolution of marriage by a court, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

(a) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(b) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

This statutory scheme authorizes an award of maintenance only where the party seeking maintenance lacks property sufficient to meet reasonable needs and is also unable to meet those needs through appropriate employment. *In re Marriage of Jones*, 627 P.2d 248 (Colo.1981); *In re Marriage of Mitchell*, 195 Colo. 399, 579 P.2d 613 (1978). Here, there is undisputed evidence in the record that the wife lacked property sufficient to meet her reasonable needs and that due to ill health she was unable to support herself through employment. Although the trial court did not make specific findings respecting these issues, implicit in the trial court's order is the finding that these statutory prerequisites to receipt of a maintenance award were satisfied.

■ Once a determination is made that an award of maintenance is appropriate, section 14–10–114(2), 6 C.R.S. (1973 & 1986 Supp.), prescribes the following standards for determining the amount of award:

(2) The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant factors including:

(a) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(b) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment, and that party's future earning capacity;

(c) The standard of living established during the marriage;

(d) The duration of the marriage;

(e) The age and the physical and emotional condition of the spouse seeking maintenance; and

(f) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

The Court of Appeals reasoned that voluntary assistance from an adult child falls under the category of "financial resources of the party seeking maintenance" and thus constitutes one of the relevant factors to be considered by a court in setting maintenance awards. However, in Colorado a child has neither a common law nor a statutorily imposed duty to support his or her parents. *See, e.g., Board of County Comm'rs v. Kohrell*, 100 Colo. 445, 68 P.2d 32 (1937); § 27–12–101, 11 C.R.S. (1982) (children of person admitted to public institution not liable for costs of care). While a contractual arrangement or other legal obligation to provide a certain amount of money might well form part of the basis for calculating a party's financial resources for the purpose of setting a maintenance award, here uncontroverted evidence was presented at the hearing that assistance from the adult children was purely voluntary. Moreover, section 14–10–114(2) expressly requires that consideration of a party's financial resources include review of the party's ability to meet his or her needs "independently." *Accord, e.g., Spector v. Spector*, 17 Ariz.App. 221, 496 P.2d 864 (1972) (financial ability of parties' par-

ents should not be considered in setting support levels); *Bob v. Bob,* 310 So.2d 328 (Fla.Dist.Ct.App.1975) (maintenance should be set at a level which avoids dependence on third parties); *Morgan v. Morgan,* 260 So.2d 336 (La.App.1972) (voluntary assistance from child should not be considered in setting maintenance award). In view of these statutory provisions, we conclude that the fact that a party seeking maintenance receives voluntary assistance from an adult child is not an appropriate factor for consideration in determining the level of maintenance payments to be ordered. The trial court abused its discretion in basing its maintenance award primarily on that circumstance. *See, e.g., In re Marriage of Mitchell,* 195 Colo. 399, 579 P.2d 613 (1978); *Carlson v. Carlson,* 178 Colo. 283, 497 P.2d 1006 (1972).

The judgment is reversed, and the case is remanded to the Court of Appeals with directions to remand the case to the trial court for further proceedings consistent with the views expressed in this opinion.