In re the **MARRIAGE OF Ernest E. STAGGS, Jr.,** Appellant,

and

**Cynthia L. Parrish,** Appellee.

No. 96CA0628.

Colorado Court of Appeals, Div. I.

June 12, 1997.

Ernest E. Staggs, Jr., Pro Se.

Stephan E. Uslan, Denver, for Appellee.

Opinion by Judge METZGER.

In this proceeding for dissolution of the marriage of Ernest E. Staggs, Jr. (husband), and Cynthia L. Parrish (wife), husband appeals the permanent orders pertaining to maintenance, property division, attorney fees, and dependency tax exemptions. We affirm in part, reverse in part, and remand the cause with directions.

During the marriage, husband obtained a law degree and, at the time he filed for dissolution, had practiced law for seven years. Wife had quit college and worked full-time to support the parties while husband attended his last year of college and law school.

The parties had two children during their 11–year marriage. By agreement, wife did not work outside the home after the first child was born.

The trial court imputed a $45,000 yearly income to husband, and a $340 monthly income to wife. Noting that the parties had lived drastically beyond their means and recognizing that "we're going to have to make this very small pot of money try to go around," the court awarded wife monthly payments of $1,000 for ten years for maintenance, and $558 for child support. The $25,000 equity in the marital residence was awarded entirely to wife in order to compensate her for putting husband through school.

Husband was awarded as his separate debt his school loan, credit card debt incurred after the separation, and the children's tuition, while wife was held solely liable for her medical expenses. The trial court awarded the dependency tax exemptions for both children to wife, and also assigned to her 25% of the debt incurred for post-separation living expenses and 40% of her attorney fees. Husband was held liable for the remaining percentages, plus all of his attorney fees.

I.

Husband contends that the trial court abused its discretion in its rulings on debts, property, maintenance, and attorney fees because, he argues, payment of these obligations will "impoverish" him. Because our review of the record convinces us that there was no abuse of discretion here, we disagree.

The court was bound to ensure that the marital liabilities were not borne disproportionately by either spouse. *See In re Marriage of Kiefer,* 738 P.2d 54 (Colo.App. 1987).

The record shows that there will be some deficit until the debts are paid. Under these circumstances, we perceive no abuse of discretion in the division of debts. *See In re Marriage of Hoffman,* 650 P.2d 1344 (Colo. App.1982) (trial court is imbued with broad discretion in matters of property division).

Likewise, because the award of the equity in the house to wife falls squarely

within the rationale of *In re Marriage of Olar,* 747 P.2d 676 (Colo.1987), there is no abuse of discretion in that respect. The trial court, on ample supporting evidence, found that wife had sacrificed her own career and educational goals in order to support husband through several years of education and that an award of his half of the equity, or $12,500, was actually "a small amount of compensation in light of the *Olar* decision."

■ As to the award of maintenance, we note that the governing statute expressly required the court to consider husband's ability to meet his needs while meeting those of wife. *See* § 14–10–114(2)(f), C.R.S. (1987 Repl.Vol. 6B). However, the court was required to balance *all* the relevant factors listed in § 14–10–114(2), C.R.S. (1987 Repl. Vol. 6B), including wife's needs and abilities, the time it will take her to acquire education and obtain employment, and the parties' financial restrictions. *See People in Interest of V.H.,* 749 P.2d 460, 462 (Colo.App.1987) (no abuse of discretion in awarding $125 maintenance where father's financial affidavit revealed a gross monthly income of $1,750 and monthly expenses totalling $1,653, including $200 per month for child support, since the court found that "[t]here's not enough money in this particular case to go around....").

■ Finally, we find no abuse of discretion in the amount of attorney fees awarded. Following the provisions in § 14–10–119, C.R.S. (1987 Repl.Vol. 6B), the trial court considered the financial resources of both parties. The court has broad discretion in this area, and where, as here, there is a wide disparity in the parties' earning capacities, such an award is not an abuse of discretion. *In re Marriage of DaFoe,* 677 P.2d 426 (Colo. App.1983).

The authorities cited by husband for the proposition that an order for support may not impoverish the obligor are distinguishable from the facts here. Both parties here are "impoverished" when the debts are taken into consideration, and the court was, in effect, called upon to apportion equitably that impoverishment. The trial court's award is amply supported by the record, and we will not disturb its determinations.

## II.

Husband contends next that the trial court erred in awarding both of the dependency tax exemptions to wife. We agree that the issue should be reconsidered.

Section 14–10–115(14.5), C.R.S. (1996 Cum. Supp.) provides that the right to claim dependent children for income tax purposes "shall be allocated between the parties in proportion to their contributions to the costs of raising the children."

Husband appears to argue that the "contributions to the cost of raising the children" should be defined as each parent's percentage of the total child support obligation as computed under § 14–10–115(14), C.R.S. (1987 Repl.Vol. 6B). Wife argues that the phrase does not necessarily refer to this amount, and could be more broadly interpreted, as the trial court construed the phrase. The trial court awarded wife, as the custodial parent, both tax exemptions because "we all know it costs a lot more to have kids in your home and raise them than anybody really can calculate statutorily or otherwise."

Although the issue has not been directly addressed, two divisions of this court have employed the statutory child support percentage as the measure of each parent's "contributions to the cost of raising the children." *See In re Marriage of Oberg,* 900 P.2d 1267, 1271 (Colo.App.1994) (referring to the statutory allocation method); *In Interest of A.R.W.,* 903 P.2d 10 (Colo.App.1994) (on basis of findings concerning each party's income, court determined father's support obligation as percent of total amount paid and, on such basis, calculated the percentage of each party's contribution toward the costs of raising the child).

This interpretation is buttressed by the recommendations contained in the Colorado Child Support Commission Report (1991). Recognizing that the lack of guidance on how to allocate the exemption caused "unnecessary confusion and litigation," the Commission recommended the addition of what became, *verbatim,* § 14–10–115(14.5). The

Commission's discussion of the recommendation indicates that, in general, it intended the "contribution" to be the amount of the support obligation. The Report provided:

> The appropriate rule regarding allocation of the dependency exemptions is that, insofar as possible, they be allocated in proportion to the contribution to the costs of the children, provided that the support is actually paid and tax benefits are not wasted.

> If there is one child and a 75%—25% division of expenses, the parent contributing 75% would get the deduction for the first 3 years and the other parent for the fourth year. Similar divisions could be worked out by the judge for multiple children.

> A parent should not receive the dependency exemption if the support is not paid or if it would not result in a tax benefit to that parent.

Colorado Child Support Commission Report 21–22 (1991).

In light of this history of the statute, we hold that the phrase "contributions to the costs of raising the children" in § 14–10–115(14.5) refers to the percentage of child support attributed to each parent under § 14–10–115(14). Therefore, the cause must be remanded to the trial court for reconsideration of the dependency exemptions.

Husband also contends that wife has insufficient income for the tax exemption to benefit her. Since this is an exception to the application of § 14–10–115(14.5), the trial court on remand should also consider this issue.

The judgment is reversed as to the allocation of the dependency exemption, and the cause is remanded for reconsideration of this issue consistent with the views expressed in this opinion. The judgment is affirmed in all other respects.

CRISWELL and MARQUEZ, JJ., concur.