**In re the MARRIAGE of Caterina WARRINGTON, Appellee and Cross–Appellant,**

**and**

**Jerry B. Warrington, Appellant and Cross–Appellee.**

**No. 79CA0039.**

Colorado Court of Appeals, Div. III.

May 22, 1980.

Rehearing Denied June 19, 1980.

Dean, Martin, Mitchell & Schwartz, Daniel W. Dean, Fort Collins, for appellee and cross–appellant.

Fischer & Wilmarth, Stephen E. Howard, Fort Collins, for appellant and cross–appellee.

STERNBERG, Judge.

The 18–year marriage of the parties was dissolved, and both parties appeal the judgment of the district court with respect to division of property and attendant matters. We affirm.

After the filing of the petition for dissolution, there was a hearing on temporary orders relating to custody, child support, and payment of debts. The court entered certain temporary orders. The wife later moved for issuance of a contempt citation and a peace bond because of the husband's alleged violations of the terms of the temporary orders. The court reserved ruling on the contempt citation but denied the motion for peace bond on the basis that it had a general policy against granting peace bonds in domestic relations cases.

Thereafter, the court held a hearing on permanent orders and on October 31, 1978, dissolved the marriage, divided the marital property, and made provision for custody and support of the three minor children. Maintenance was not awarded, and the parties were ordered to pay their own attorney fees.

The property was divided as follows: The marital residence was to be listed for sale by April 15, 1981, and the wife was to receive 75% and the husband 25% of the net proceeds. However, under the order the wife could refinance the home and pay off a figure representing the husband's 25% interest. The wife was permitted to reside in the home and was to pay the expenses of the home until it was sold.

The husband owned a 50% stock interest in his business, Fidelity National Mortgage, Inc., which he was awarded. He was given a 1977 automobile which was encumbered, and the wife was given a 1974 vehicle that was unencumbered. Other items of personal property were divided between the parties with the wife getting first choice of the majority of these items. Husband was ordered to pay outstanding medical bills, charge accounts, and a note in the amount of $5,000 owing to his parents. He was given ownership of the parties' life insurance policies having a cash value of about $1,000.

On December 8, 1978, a hearing was held on the husband's motion to alter or amend and on the wife's motion for entry of judgment on arrearages of support payments. The court entered a supplemental order directing that the home be listed for sale no later than April 15, 1979, reaffirming an earlier custody award, and denying the wife's request for judgment on the husband's support arrearages.

## I.

The husband asserts that the judgment must be reversed because the court did not make sufficient underlying factual findings to justify the disproportionate division of the interest of the parties in the marital residence or to substantiate what he asserts to be an inequitable property division. We find no error.

The basic point of contention is the husband's assertion that the stock in his business which was awarded to him had no value; however, the wife had testified that in recent months shares of stock in that company had been sold and that contributions exchanged for stock indicated it had value. Also, husband received $200 per month automobile expenses and was drawing a salary from the business which was greater than the wife's income, and he testified that he anticipated a sizeable increase in salary in the near future. *See Moss v. Moss*, 190 Colo. 491, 549 P.2d 404 (1976). The evidence of value of the home, automobiles, other personal property, and the evidence concerning the parties' incomes, debts, and needs was essentially uncontested.

■ The evidence in the record supports the conclusion that this property division fell within the broad discretionary ambit with which trial courts are imbued in matters of this type. While it would have been preferable for the trial court to have entered specific values for each item, reversal is not required where we can determine that the property division made was not an abuse of discretion. *See In re Marriage of Kaladic*, 41 Colo.App. 419, 589 P.2d 502 (1979). It is apparent that in arriving at its property division, the trial court did consider the relevant factors as required by § 14–10–113, C.R.S. 1973. Thus, even if the property division was disproportionate, reversal is not mandated. *In re Marriage of Wildin*, 39 Colo.App. 189, 563 P.2d 384 (1977). The statutory mandate to distribute property equitably does not require equality. *In re Marriage of Lodholm*, 35 Colo.App. 411, 536 P.2d 842 (1975).

## II.

■ We also reject the husband's contention that we must remand the cause for sanctions to be entered against the wife for refusal to answer questions about her mental health during a deposition and for failure to provide current financial data prior to trial. While the failure to answer questions in depositions and the failure to file a proper affidavit might have justified the court in entering sanctions, we know of no rule requiring it so to do. *Cf. Carlson v. Carlson*, 178 Colo. 283, 497 P.2d 1006 (1972).

## III.

■ Similarly, we find no cause for reversal on the wife's cross–appeal. She had moved for entry of judgment on the husband's arrearages in support payments and the court made no specific award in that regard. However, in its supplemental order the trial court stated that it had considered the arrearages in making the property division. We hold that the effect of the trial court's action was tantamount to entering judgment and satisfying that judgment by the property division.

## IV.

■ Nor did the trial court abuse its discretion in ordering that the marital residence be sold at a date earlier than that contained in a previous order. Under § 14–10–113(1)(c), C.R.S. 1973, the court may consider the desirability of allowing a custodial parent to reside in the marital home. The language of the statute is not mandatory. And, here, both husband and wife had custody of children of the marriage, thus making it even clearer that there was no abuse of discretion.

## V.

■ Finally, the wife urges that a remand of this case is necessary to allow the trial court to consider the wife's request for entry of a peace bond under § 16–13–401, C.R.S. 1973 (1978 Repl.Vol. 8). This contention is predicated on the trial court's statement at the time it considered the wife's

request for peace bond that the court would not use a peace bond in a domestic case. We agree with the wife's contention that there is nothing in the statute making it inapplicable to domestic relations cases; however, because the request for peace bond related to alleged violations of temporary orders, and no appeal was taken during the pendency of those orders, we view this issue as moot.

The judgment is affirmed.

ENOCH, C. J., and RULAND, J., concur.