**In re the MARRIAGE OF: Phyllis T. GARCIA, Appellant,**

**and**

**Jose D. Garcia, Appellee.**

**No. 81CA0300.**

Colorado Court of Appeals, Div. I.

Dec. 3, 1981.

with a member of the opposite sex." In addition to the house, the marital estate consisted of a few pieces of furniture, a 1975 automobile worth $750, and two outstanding debts. The debts were divided equally, the wife was awarded the furniture, and the husband was awarded the car.

The wife's first contention is that the order impermissibly intrudes upon her personal privacy to the extent that the note becomes due if she occupies the house with a member of the opposite sex. We agree that the condition is inappropriate.

■ In a dissolution action it is the responsibility of the trial court to assess the value of the parties' property, divide the property as it deems just, and to impose conditions on the property distributed. *In re Marriage of Warrington*, Colo.App., 616 P.2d 177 (1980). And, the trial court's disposition of the property will not be disturbed on review unless there has been an abuse of discretion. *Warrington, supra.*

■ The challenged condition here was imposed by the court *sua sponte* and there is no evidence in the record or explanation by the court to indicate its purpose. One might assume that the court was attempting to impose a moral restriction on the lifestyle of the wife which, in and of itself, might constitute an abuse of discretion. However, there is greater cause to set aside this condition. Its scope is too broad. If the wife were to "occupy" the house with any male, regardless of age or whether a member of the wife's family or even the husband's family, the note would become due and payable immediately. There being no evidence to indicate in what manner this restriction would benefit any of the parties, including the children, we find the imposition of such a restriction to be an abuse of discretion. Therefore, it must be stricken as one of the conditions for triggering payment of the note.

■ The wife's second argument is that it is unfair to require her, an indigent, to pay interest for the period the husband's equity is held in the house. We disagree.

Russell Olin, Pueblo, for appellant.

No Appearance for appellee.

ENOCH, Chief Judge.

Phyllis T. Garcia appeals a final property settlement decree in a dissolution of marriage action. We modify the judgment, and as modified, we affirm.

After entering a decree dissolving the marriage between the parties, the trial court awarded the couple's house to the wife. The husband's share of the equity in the house was determined to be $2,250, and the wife was ordered to execute a note payable to the husband for that amount plus 8% annual interest for the time between the dissolution and the occurrence of one of the conditions which triggered payment. Payments of interest and principal were not due under the note until the wife sold the property, the youngest child reached 18 years of age, the wife remarried, or the wife "occupie[d] the family home

The wife is allowed to retain use of the house for herself and her children now and, in effect, use the husband's equity in the house between the time of dissolution and when one of the conditions occurs. To allow the husband a return on his equity is appropriate and not an abuse of discretion by the trial court. *See Rhoades v. Rhoades,* 188 Colo. 423, 535 P.2d 1122 (1975); *In re Marriage of Lucas,* Colo.App., 631 P.2d 1175 (1981). Whether the wife is or is not an indigent at this time does not make the payment of interest unfair where, as here, it is not to be paid until the sale of the house, the youngest child reaches 18 years of age, or she remarries, any one of which could materially change her financial condition.

The cause is remanded with directions to modify the decree by striking the challenged condition, and as modified, the judgment is affirmed.

PIERCE and SMITH, JJ., concur.