**In re the MARRIAGE OF Lonie Jean HOFFMAN, Appellant-Cross-Appellee,**

**and**

**Harold Lee Hoffman, Appellee-Cross-Appellant.**

**No. 81CA0547.**

Colorado Court of Appeals, Div. I.

Aug. 12, 1982.

Brenman, Epstein, Zerobnick, Raskin & Friedlob, P.C., Martin Zerobnick, Sheldon

Emerson, Denver, for appellant-cross-appellee.

Andersen & Gehlhausen, P.C., John Gehlhausen, Lamar, for appellee-cross-appellant.

TURSI, Judge.

In this dissolution of marriage proceeding, Lonie Hoffman (wife) appeals from the trial court's division of property, and refusal to award attorney's fees, and Harold Hoffman (husband) appeals from the portion of the trial court's order concerning a $19,000 check received by him from his mother. We affirm in part and reverse in part.

The parties were married in 1963 and one child was born to the marriage. A decree of dissolution was granted in October 1980, and matters of child custody and support, property division, maintenance, and attorneys' fees were tried to the court in January and March 1981.

In its final orders entered March 12, 1981, the trial court granted custody of the parties' minor child to wife, with reasonable rights of visitation in husband. Husband was ordered to pay child support in the sum of $250 per month. No maintenance was awarded and the parties were required to pay their respective attorneys' fees. Wife was awarded the family home, and husband was awarded most of the remaining assets, which, basically, consisted of the family farm and its equipment. To equalize the award, the husband was ordered to pay wife the difference between the awards, or approximately $100,000. He was given the option to do so in cash or by a note bearing interest at the rate of 10 per cent per annum. The note was to be secured by a deed of trust on certain real property and payable in either monthly or annual installments over a 20-year period.

Wife argues that the trial court's division of property was inequitable and an abuse of discretion because of a 15 month delay in receiving the first payment from husband, and the 20-year period over which the note was to be paid. She also contends that the court erred in denying her attorney's fees. We disagree.

It has been repeatedly held that in matters of division of property the trial court is imbued with broad discretion. *In re Marriage of Lodholm,* 35 Colo.App. 411, 536 P.2d 842 (1975). This discretion extends to the determination of whether interest should be allowed on a promissory note, *In re Marriage of Lucas,* 631 P.2d 1175 (Colo. App. 1981), and whether attorneys' fees should be awarded. *In re Marriage of Newman,* 44 Colo.App. 307, 616 P.2d 982 (1980).

▮ Here, the trial court considered the factors enumerated in § 14–10–113(1), C.R.S. 1973, and equally divided the parties' property. We find no abuse of discretion in giving husband the option to pay in cash or by a 20-year note bearing 10 per cent interest. The trial court's order was intended to allow husband to continue operation of the farm as a viable business enterprise, while wife received "interest on her money as a substitute for the investment opportunities that would have been available if she had the lump sum." *See In re Marriage of Harding,* 533 P.2d 947 (Colo. App. 1975) (not selected for official publication). It is within the trial court's discretion to order terms of payment which will not require husband to sell or further encumber the farm in order to meet his obligation to wife. Further, we find no abuse of discretion in the trial court denying attorneys' fees to both sides.

Husband contends on cross-appeal that the trial court erred in failing to classify a $19,000 check received from his mother as either a gift or a loan. We agree.

▮ On appeal, the factual findings of the trial court sitting without a jury are not to be disturbed unless clearly erroneous and not supported by the record. *Gebhardt v. Gebhardt,* 198 Colo. 28, 595 P.2d 1048 (1979). The trial court's order denying husband's motion for a new hearing is unclear as to the classification of the $19,000 check. To the extent that the trial court found the $19,000 check to be the basis of a different debt to his mother, evidenced by a promissory note, for the purchase of a portion of

the family farm, there is no support in the record. The check introduced into evidence contained the notation "tractor" and the unrebutted testimony was that husband had received the money from his mother for the purchase of a tractor. Thus, the trial court erred in finding that the check was a loan for the purchase of land.

However, husband's testimony was conflicting as to whether this money was received as a loan or as a gift from his mother. The proceeds therefrom should either have been characterized as a gift and therefore separate property pursuant to § 14–10–113(2)(a), C.R.S. 1973, or a marital debt subject to division.

That portion of the judgment pertaining to the $19,000 check is reversed, and the cause is remanded to the trial court for a determination as to the character and the disposition of the $19,000 from husband's mother, and modification, if appropriate, in the division of property. The judgment in all other respects is affirmed.

COYTE and VAN CISE, JJ., concur.