**In re the MARRIAGE OF Carol Rae WORMELL, Appellee and Cross-Appellant,**

**and**

**Raymond Clyde Wormell, Appellant and Cross-Appellee.**

**No. 83CA0845.**

Colorado Court of Appeals,
Div. III.

Feb. 28, 1985.

Joseph P. Rader & Associates, Joseph P. Rader, Boulder, for appellee and cross-appellant.

Zuckerman & Kleinman, P.C., Leo T. Zuckerman, Michael J. Kleinman, Denver, for appellant and cross-appellee.

METZGER, Judge.

In this dissolution of marriage action, husband appeals from the permanent orders relative to maintenance, distribution of property, and attorney fees. Wife cross-appeals from the permanent orders relative to property division. We reverse and remand.

Husband and wife had been married twenty-three years. Husband was a self-employed field service engineer who reported a net income of $56,611 in 1981. He testified that, because he had lost some contracts, his net income for 1982 would be $40,800.

Wife was a self-employed registered nurse who operated a placement service for nurses. She testified that she earned $8,000 net in 1981 but that in 1982, because of an economic slump, she was only earning $100 per month.

The parties' primary assets were husband's business and the family home. The court awarded the family home to the wife and found that the parties' equity in the home was $58,477. The court then granted husband $29,238 as his share in that equity, secured by a non-interest bearing note and deed of trust payable when the parties fifteen-year-old son "reached the age of 21." The court found that husband's business had no market value for purposes of property division, but that it did have an economic value, which it took into account in its child support and maintenance orders.

The court awarded custody of the minor child to the wife, and ordered husband to pay child support of $325 per month. The court also awarded wife $1,000 per month maintenance until her death or remarriage,

and $6,000 toward her attorney fees and costs.

## I.

Both parties challenge the court's distribution of property. The husband contends that it was an abuse of the court's discretion to award wife the family home without requiring her to pay husband his equity until the parties' son reached the age of 21. We agree.

The trial court has broad discretion in dividing marital property, *In re Marriage of Hoffman*, 650 P.2d 1344 (Colo. App.1982), and there is no rigid mathematical formula that the court must adhere to. *In re Marriage of Graham*, 194 Colo. 429, 574 P.2d 75 (1978). As well, the mechanism employed by the court for dividing the marital estate is a matter within the trial court's discretion. *In re Marriage of Dickey*, 658 P.2d 276 (Colo.App.1982). Use of a note and deed of trust to equalize property division is an appropriate mechanism for a trial court to use in the exercise of its discretion. *In re Marriage of Garcia*, 638 P.2d 848 (Colo.App.1981).

However, when the trial court uses a note and deed of trust in effecting a property division, the interests of both spouses must be considered and accommodated as fairly as possible. The court must pay particular attention to circumstances which could materially change the financial condition of the parties until the time when the property division has been completed. *See In re Marriage of Garcia, supra.*

Here, the trial court ordered that the only due date of the $29,238 note was the twenty-first birthday of the parties' son. The court's order provided no alternate due dates for the note, and thus, was insufficient. The order did not address the possibility, for example, of the son's death before reaching the age of 21, his earlier emancipation, the wife's remarriage, or the sale or rental of the home. Thus, while the mechanism used here was within the court's discretion, the terms employed in the mechanism were incomplete and insuf-ficient. The trial court did not sufficiently address circumstances which could materially change the financial conditions of the parties, and accordingly, its property division order must be reversed.

Husband also contends that, by failing to order interest on the promissory note, the trial court abused its discretion by foreclosing his participation in any future appreciation of the home. In our view, the trial court did not abuse its discretion.

We note initially that husband is not entitled to share in the home's future appreciation because property is valued at the time of the dissolution hearing or as of the hearing on property division, whichever occurs first. Section 14–10–113(5), C.R.S. *See In re Marriage of Lord*, 626 P.2d 698 (Colo.App.1980). Additionally, the decision to allow interest on a promissory note which represents a property division award is a matter which lies within the discretion of the trial court based on all the attendant circumstances. *In re Marriage of Lucas*, 631 P.2d 1175 (Colo.App.1981).

Here, the trial court ordered that the wife continue to make the first and second mortgage payments on the home. Further, if the home were sold, she would be responsible for seller's costs. Given the court's findings concerning the financial circumstances of the parties, we hold that it was not an abuse of the trial court's discretion to order that the note carry no interest.

Wife contends that the court erred in finding that there was no satisfactory evidence of the market value of husband's business. We find no error.

Wife's expert testified that he calculated the value of husband's business as $165,000 based on husband's income. The expert admitted, however, that this value was not necessarily a "saleable value" and that he would use the same formula to determine value if a person were a salaried employee. The trial court found that husband's business had no market value but that it did have economic value, and it took that value into consideration in its awards

of maintenance and child support. The trial court's findings here are supported by the testimony of wife's expert witness and those findings will not be disturbed on appeal. *In re Marriage of Hoffman, supra.*

## II.

Husband next contends that the trial court erred in awarding maintenance of $1,000 per month to wife until her death or remarriage. We agree.

 Maintenance may be awarded only if certain specific findings are first made by the trial court as provided in § 14–10–114, C.R.S. *In re Marriage of Jones*, 627 P.2d 248 (Colo.1981); *In re Marriage of Mitchell*, 195 Colo. 399, 579 P.2d 613 (1978). Once the threshold determination that maintenance is necessary has been made, *see In re Marriage of McVey*, 641 P.2d 300 (Colo.App.1981), the amount is then to be set by applying the criteria set forth in § 14–10–114(a) to (f), C.R.S. The trial court must make findings thereon in order to apprise the parties of the reasons for its decision, as well as to preserve its rationale for any appellate review.

Here, the trial court made no written findings pursuant to § 14–10–114, C.R.S. Therefore, inasmuch as the award of maintenance is unsupported by any findings as to its necessity, amount, or duration, it must be reversed.

## III.

Finally, husband contends that the trial court abused its discretion in ordering him to pay approximately 50% of wife's attorney fees and costs. Because we have reversed the property division and maintenance orders and because the issues of property division, maintenance, and attorney fees are inextricably intertwined, *see In re Marriage of Lodholm*, 35 Colo.App. 411, 536 P.2d 842 (1975), we are unable to evaluate the propriety of the award. We note, as well, that the record shows no hearing was held on the reasonableness or necessity of the attorney fees sought by wife. *See In re Marriage of Nichols*, 38 Colo.App. 82, 553 P.2d 77 (1976). Such a hearing must be held, evidence must be adduced, and the court must make findings as to its award, if any, on remand.

The judgment is reversed and the cause is remanded for reconsideration of the property division for a determination as to the amount, and duration of maintenance, if any, from husband to wife, and for entry of appropriate findings and orders thereon. The trial court shall also conduct a hearing as to attorney fees and costs and enter appropriate findings and orders relative thereto.

STERNBERG and TURSI, JJ., concur.