In re the MARRIAGE OF Arthur John GERCKEN, Appellant,

and

Helene T. Gercken, Appellee.

No. 82CA1386.

Colorado Court of Appeals, Div. I.

Aug. 29, 1985.

Russell, Warkentine, Figg & Gerdes, Stephen Stuart Gerdes, Lee D. Warkentine, Broomfield, for appellant.

Schey & Schey, P.C., Neil E. Piller, Longmont, for appellee.

STERNBERG, Judge.

This is a dissolution of marriage action. The parties were first married in 1954, had five children, and dissolved the marriage in New Jersey, in 1976. However, the parties continued to cohabit until they separated again in 1978. Alleging a common-law marriage, the husband petitioned for a decree of dissolution in Colorado and a decree was entered in July 1982. The husband now appeals the trial court's division of marital property and the orders relating to child support and attorney fees. We affirm.

The husband's first contention, that the trial court was without jurisdiction to

**810**

hear the case because of the appointment of a county court judge as an acting district judge, is totally without merit.

Section 13-6-218, C.R.S., specifically authorizes the Chief Justice, pursuant to Colo. Const. art. VI, § 5(3), to assign any county judge who has been licensed to practice law in Colorado at least five years, to perform judicial duties in a district court. Such an assignment having been made in this case, the court had jurisdiction.

■ The husband's next argument, that the orders for distribution of property entered in the New Jersey divorce action should have been applied in this action, is also without merit. However, the evidence supports the trial court's finding, that the parties entered a common-law marriage in Colorado. Therefore, Colorado law was properly applied to the distribution of the property.

Because the evidence more than adequately supports the trial court's distribution of property, the husband's contention of error in this respect is without merit.

■ A distribution of property must be "just and equitable," not necessarily equal, § 14-10-113(1), C.R.S.; *In re Marriage of Warrington,* 44 Colo.App. 294, 616 P.2d 177 (1980), and we find no evidence that the trial court erred in its determination of what was marital property. After the common-law marriage in Colorado, the parties purchased real property in joint tenancy. Although the parties may have used their separate funds to purchase the property, they took title in joint tenancy, thereby creating a presumption, which was not rebutted, of a gift. *See In re Marriage of Moncrief,* 36 Colo.App. 140, 535 P.2d 1137 (1975).

The court also made findings, supported by the evidence, concerning the husband's and wife's respective economic circumstances, including their earning power and needs, the needs of the children, and other factors. *See* § 14-10-113(1), C.R.S. Based on these considerations, the court set aside to the husband his separate property consisting of stocks, and awarded him a car

and other marital property. The court awarded the wife the home in Colorado, household furnishings, and other marital property. This distribution, although not equal, was certainly equitable, and thus well within the court's discretion. *See In re Marriage of Boyd,* 643 P.2d 804 (Colo. App.1982); *In re Marriage of Warrington, supra.*

■ Finally, the award of child support and attorney fees being fully supported by the record, the contentions regarding them are also without merit. *See* § 14-10-115, C.R.S.; § 14-10-119, C.R.S.

The order is affirmed.

PIERCE and VAN CISE, JJ., concur.