In re the MARRIAGE OF Teresa
RIEGER, Appellee,

and

Vincent A. Rieger, Appellant.

No. 91CA0337.

Colorado Court of Appeals,
Div. I.

Feb. 27, 1992.

Miller & Leher, P.C., J. Matthew DePetro, Littleton, for appellee.

Wedgle & Shpall, P.C., Richard J. Wedgle, Murray Wilkening, Denver, for appellant.

Opinion by Judge TURSI.

In this dissolution of marriage action, Vincent A. Rieger (husband) appeals that part of the permanent orders awarding attorney fees to Teresa Rieger (wife). We vacate the award and remand to the trial court for further proceedings.

The parties' 20–month marriage was dissolved in 1990. In the permanent orders, the trial court concluded based on the parties' respective financial conditions that "it would be unconscionable for [husband] not to assist [wife]" with her attorney fees. The trial court awarded wife her then present attorney's fees and asked for an affidavit of the fees charged by wife's prior attorney. The court stated that husband would have an opportunity to object to those fees and a hearing would be held if necessary.

The prior attorney filed his affidavit for $43,470.26 in fees and costs. Husband challenged the reasonableness of those fees and requested a hearing. In an addendum to the permanent orders, the trial court concluded that no hearing was necessary and stated:

The sum of $43,470.26 represents an obligation owed to [the prior attorney] by [wife] as of the date of the permanent orders. The provisions of [§ 14–10–119, C.R.S. (1987 Repl.Vol. 6B)] do not apply to this award.

Husband was ordered to pay the full amount.

Husband contends that the trial court erred in awarding the attorney fees without reference to § 14–10–119. We agree that the addendum order was erroneous.

Statutory authority for an award of attorney fees in a dissolution action is found in § 14–10–119, and that section gives the trial court discretion to award a reasonable amount for fees after considering the parties' financial resources. *In re Marriage of Mitchell*, 195 Colo. 399, 579 P.2d 613 (1978).

Contrary to wife's argument, we find no authority for the characterization of her attorney fees as a non-challengeable marital debt under § 14–10–113, C.R.S. (1987 Repl.Vol. 6B). The case of *Krall v. Krall*, 31 Colo.App. 538, 504 P.2d 681 (1972), relied upon by the wife, was not decided under the Uniform Dissolution of Marriage Act and the amount awarded there was

less than 20 percent of the claimed attorney fees.

■ Because the addendum order did not follow the proper statutory authority, it must be set aside. On remand, the trial court should complete its consideration of the award of attorney fees as required under § 14–10–119, C.R.S. (1987 Repl.Vol. 6B). In so doing the court must consider not only the reasonableness of the charge per hour but also the necessity for incurring the hours billed. *See* Code of Professional Responsibility DR 2–106; *In re Marriage of Sarvis*, 695 P.2d 772 (Colo.App. 1984); *see also In re Estate of Painter*, 39 Colo.App. 506, 567 P.2d 820 (1977).

The permanent orders do reflect a thorough review of the parties' financial resources, and contrary to husband's assertion, the trial court need not reopen that issue on remand. *See In re Marriage of Franks*, 189 Colo. 499, 542 P.2d 845 (1975).

We deny husband's request for an award under C.A.R. 39.

The addendum order is vacated, and the cause is remanded to the trial court for a hearing on the reasonableness and necessity of the attorney fees billed in accordance with this opinion and for the entry of an appropriate award.

PIERCE and REED, JJ., concur.