24CA0082 Marriage of Bradberry 12-26-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0082
Jefferson County District Court No. 22DR126
Honorable Tamara S. Russell, Judge

---

In re the Marriage of

Erik G. Bradberry,

Appellee,

and

Heidi L. Bradberry,

Appellant.

---

APPEAL DISMISSED IN PART, ORDER AFFIRMED,
AND CASE REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE SCHOCK
Fox and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 26, 2024

---

Erik G. Bradberry, Bloomfield Hills, Michigan, for Appellee

Robinson & Henry, P.C., Kelly Snodgrass, Andrew H. Hug, Highlands Ranch, Colorado, for Appellant

¶ 1    In this post-decree dissolution of marriage case between Heidi L. Bradberry (wife) and Erik G. Bradberry (husband), wife appeals the district court's order entered in response to husband's request for clarification of the court's permanent orders. We dismiss the appeal in part, affirm the court's order as it relates to the deadline to refinance or sell the marital home, and remand the case for further proceedings on wife's request for appellate attorney fees.

## I.    Background

¶ 2    During the parties' marriage, wife operated a business at the marital home, boarding horses and giving horse riding lessons. That business was wife's sole source of income when the parties' marriage ended. Husband worked as an attorney.

¶ 3    In August 2023, the district court dissolved the marriage and entered permanent orders. The court allocated to wife almost $700,000 of the marital equity and allocated to husband the remaining $350,000. In doing so, the court awarded wife the marital home, which had net equity of almost $380,000, and the business, which had no value beyond its assets. The court indicated that wife would be required to refinance the mortgage on

1

the marital home to remove husband from that debt.  But it did not specify a deadline for her to do so in its permanent orders.

¶ 4     The court determined that it did not have sufficient evidence to value certain miscellaneous assets, including lesson horses, trailers, barn supplies, shipping containers, and other items.  So it directed the parties to create a list of any such assets they could not agree how to divide and take turns picking items off that list.

¶ 5     The court then found that wife could not meet her reasonable needs without maintenance, noting that her gross income from the business was $1,120 per month.  The court awarded her maintenance of $3,175 per month for six years and four months.  But because husband had paid the $1,423 monthly mortgage payment on the marital home during the dissolution proceedings, the court gave husband a monthly credit against his maintenance obligation equal to that amount for the first nineteen months.

¶ 6     About two months after the entry of permanent orders, husband requested a status conference to clarify, among other things, wife's deadline to refinance the marital home mortgage and the process for dividing the miscellaneous assets.  Following the status conference, in November 2023, the court ordered wife to

refinance the mortgage or put the marital home up for sale within 120 days. The court also confirmed the process for dividing the miscellaneous assets, including those associated with the business, and imposed a deadline for the parties to complete the process.

¶ 7 Wife appealed the court's permanent orders and its November 2023 clarifying orders. Husband moved to dismiss, arguing that wife's appeal of the permanent orders was untimely. A motions division of this court dismissed the appeal as to the permanent orders (and an order denying wife's C.R.C.P. 60 motion) and allowed wife's appeal to proceed only as to the November 2023 orders concerning the status conference. *In re Marriage of Bradberry*, (Colo. App. No. 24CA0082, July 9, 2024) (unpublished order).

## II. Miscellaneous Assets

¶ 8 Wife contends that the district court erred by including assets associated with her business in the division of miscellaneous assets. She argues that the business assets were distinct from the parties' personal assets and that husband did not ask to receive any of the business assets at the permanent orders hearing. She further argues that husband's receipt of the business assets would allow him to dismantle the business that was allocated to her.

¶ 9     But the parties have since stipulated to the division of the disputed miscellaneous assets.  In that stipulation, the parties agreed that wife may retain all of the disputed miscellaneous assets, and husband waived his right to make any further requests for property located at the marital home.  The parties also agreed that the stipulation "resolves all issues pertaining to" the disputed miscellaneous assets.  Husband argues that this stipulation renders wife's appeal moot as to the division of the miscellaneous assets.  We agree and dismiss this portion of the appeal.[1]

¶ 10    We will not render an opinion on the merits of an issue when subsequent events have rendered the issue moot.  *In re Marriage of Salby*, 126 P.3d 291, 301 (Colo. App. 2005).  "An issue is moot when a judgment, if rendered, would have no practical legal effect upon the existing controversy."  *Id.*  Whether an issue is moot is a question of law that we review de novo.  *See In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 49.

---

[1] Although the parties' filed the stipulation in the district court, the court declined to rule on it because it lacked jurisdiction to do so while the case was on appeal.  *See In re Marriage of Pawelec*, 2024 COA 107, ¶ 17.  But given husband's explicit waiver of his right to make any further requests for property located at the marital home, the lack of a district court order does not affect our conclusion.

¶ 11    The parties' stipulation resolved the issue of the division of the miscellaneous assets.  More specifically, the parties agreed that wife would keep all the disputed miscellaneous assets, including those associated with the business.  In other words, wife received the relief she requests on appeal, and even if she had not, she agreed that the stipulation resolved the issue.  Thus, any decision we could render on the merits of the district court's ruling would have no practical legal effect.  *See id.* at ¶ 51 (concluding that the parties' stipulation rendered issue on appeal moot); *Lego v. Schmidt*, 805 P.2d 1119, 1125 (Colo. App. 1990) (recognizing that when the parties settle the dispute which is the subject of an appeal, the issue is moot).  We therefore dismiss this portion of the appeal.

### III.    Refinancing the Marital Home Mortgage

¶ 12    Wife next contends that the district court erred by failing to consider her current economic circumstances, including the temporarily reduced maintenance payment, when it imposed the 120-day deadline for her to refinance the mortgage or put the marital home up for sale.  We perceive no abuse of discretion.

## A. Standard of Review

¶ 13 The court has broad discretion to divide the marital estate. *In re Marriage of Medeiros*, 2023 COA 42M, ¶ 28. That discretion extends to the mechanisms the court uses to effectuate the division. *In re Marriage of Wormell*, 697 P.2d 812, 814 (Colo. App. 1985).

¶ 14 We review a court's property division orders and its ruling on a request for clarification of such orders for an abuse of discretion. *See Medeiros*, ¶ 28; *In re Marriage of Graff*, 902 P.2d 402, 407 (Colo. App. 1994). We will not disturb the court's decision absent a showing that it acted in a manifestly arbitrary, unreasonable, or unfair manner, or that it misapplied the law. *See Medeiros*, ¶ 28.

## B. Analysis

¶ 15 Wife asserts that the court's property division was not final until it issued the November 2023 order setting a deadline for her to refinance the mortgage or put the marital home up for sale. Relying on this premise, she argues that the court did not consider her economic circumstances at the time when "the division of property . . . bec[a]me effective." § 14-10-113(1)(c), C.R.S. 2024.

¶ 16 But wife's premise as to the timing of the property division is incorrect. The court's permanent orders fully allocated the marital

6

estate and determined each party's rights to the assets and liability for the debts — including wife's right to the marital home and liability for the mortgage. Thus, the property division was final and effective upon the entry of those orders. *See In re Marriage of Collins*, 2023 COA 116M, ¶ 66; *In re Marriage of Simon*, 856 P.2d 47, 49 (Colo. App. 1993) ("The property division is effective if it gives each party a definable or ascertainable portion of at least some of the attributes of ownership and the mechanics of any fractional division can be accomplished within a reasonable time."); *In re Marriage of Wells*, 850 P.2d 694, 697 (Colo. 1993) (noting that final orders of district courts are "fully effective when they are entered"). The court's later clarification of wife's deadline to refinance the marital home mortgage did not "complete the division of property," as wife contends. It simply set forth the mechanism to carry out the allocation previously determined by the permanent orders.

¶ 17     In any event, the district court did consider wife's economic circumstances when setting the refinance-or-sell deadline. *See Wells*, 850 P.2d at 697 (noting that matters related to property division are equitable in nature and "courts are authorized to consider evidence of the parties' changed economic circumstances").

¶ 18    At the November 2023 status conference, wife argued that it would be difficult, if not impossible, for her to refinance the mortgage until the end of 2025.  She explained that her income was minimal and that the reduced maintenance award was not enough for her to qualify to refinance.  She also explained that, if she was forced to sell the home, she could lose her sole source of income because she needed the property to operate her business.

¶ 19    Husband, on the other hand, asserted that his continued mortgage obligation was impacting his financial circumstances and that he could not buy his own home until wife removed him from the mortgage.  He thus asked the court to order wife to refinance or sell the home within 90 days.  In addition, the court's previous allocation of the marital property had given wife almost $700,000 in equity, while husband had received approximately $350,000.

¶ 20    We presume that the district court considered all of this evidence.  *See Collins*, ¶ 21.  But the parties' economic circumstances were not the only consideration.  The court also properly considered the importance of disentangling the parties financially and providing them with closure.  *See In re Marriage of Hunt*, 909 P.2d 525, 540 (Colo. 1995); *In re Marriage of Paul*, 821

P.2d 925, 927 (Colo. App. 1991). And it found that having the parties remain financially connected for the next couple of years by continuing husband's mortgage obligation was "not a good idea."

¶ 21 The court weighed this concern and the parties' economic circumstances, and it concluded that wife must refinance or put the home up for sale within 120 days. While wife disagrees with the court's ruling, arguing that the short deadline effectively required her to sell the property, the court's decision fell within its discretion and has record support, so we may not disturb it. *See Medeiros*, ¶ 28; *Wormell*, 697 P.2d at 814; *see also Hall v. Moreno*, 2012 CO 14, ¶ 54 (explaining that in reviewing for an abuse of discretion, we consider whether the decision fell within the range of reasonable options, not whether we would have reached a different result).

¶ 22 To the extent wife attempts to distinguish *Paul* by suggesting that concerns about financial entanglement apply only to jointly owned assets and not to joint liability, we are not persuaded. Financial entanglement may exist with either assets or debts, and the full resolution of the parties' liabilities, like their assets, serves the purpose of "discouraging continued litigation and ongoing financial interaction" between the parties. *Paul*, 821 P.2d at 927.

¶ 23    Thus, we conclude that the district court did not abuse its discretion by imposing a 120-day deadline for wife to either refinance the mortgage or put the marital home up for sale.

## IV.    Maintenance and Attorney Fees

¶ 24    Relying on her contention that the property division was not final until the court set the refinance deadline, wife contends that the court also erred by determining maintenance and declining to award her attorney fees before finalizing the property division. *See In re Marriage of de Koning*, 2016 CO 2, ¶¶ 21-23, 26 (discussing the "specific sequence" for determinations of property division, maintenance, and attorney fees, and recognizing that maintenance and attorney fees awards "flow from the property distribution").

¶ 25    But as we explain above, the property division was final upon the entry of permanent orders. *See Collins*, ¶ 66; *Simon*, 856 P.2d at 49.  And in that judgment, the court determined maintenance and declined to award attorney fees *after* allocating the marital estate.  *See de Koning*, ¶¶ 21-23.  We thus reject wife's contention.  To the extent wife attempts to challenge the permanent orders, that portion of the appeal has been dismissed as untimely.  *Bradberry*, (Colo. App. No. 24CA0082, July 9, 2024) (unpublished order).

## V.     Appellate Attorney Fees

¶ 26     Wife requests an award of appellate attorney fees under section 14-10-119, C.R.S. 2024, due to a disparity in the parties' financial circumstances.  Husband argues that we should deny wife's request because her appeal is frivolous and because the parties' financial circumstances are not dissimilar.

¶ 27     Section 14-10-119 empowers the court to equitably apportion attorney fees between the parties based on their relative ability to pay.  *In re Marriage of Gutfreund*, 148 P.3d 136, 141 (Colo. 2006).  The merit of a party's contentions is not the standard.  *In re Marriage of Trout*, 897 P.2d 838, 840 (Colo. App. 1994).  Thus, even though wife was unsuccessful on appeal, she may seek section 14-10-119 attorney fees.  *See id.*; *In re Marriage of Woolley*, 25 P.3d 1284, 1288 (Colo. App. 2001) ("[A] party's behavior may be considered in awarding fees only to the extent that it might affect the reasonableness and necessity of those fees.").  But because the district court is better equipped to determine the factual issues regarding the parties' current financial resources, we remand this issue to the district court.  *See Collins*, ¶ 86; C.A.R. 39.1

¶ 28    Husband requests an award of his appellate attorney fees under C.A.R. 38(b) and section 13-17-102(4), C.R.S. 2024, on the ground that wife's appeal is frivolous.  We deny this request.  Although wife did not prevail, we do not agree that her appeal was frivolous or lacked substantial justification.  § 13-17-102(4); *see also In re Marriage of Boettcher*, 2018 COA 34, ¶ 38 ("Fees should be awarded only in clear and unequivocal cases when the appellant presents no rational argument, or the appeal is prosecuted for the purpose of harassment or delay."), *aff'd*, 2019 CO 81.

## VI.    Disposition

¶ 29    The portion of the appeal concerning the division of the miscellaneous assets is dismissed.  The order is affirmed as to the deadline for wife to refinance or put the marital home up for sale.  The case is remanded to the district court for determination of wife's request for appellate attorney fees under section 14-10-119.

    JUDGE FOX and JUDGE JOHNSON concur.